HARRIS, Judge.
James Stolzenberg was awakened by the sound of scratching noises at his back door. When he investigated, he saw someone using a sharp object to cut through the screen on a window next to the door. Stolzenberg retrieved a knife from the kitchen, and when the intruder stuck his hand through the screen to open the door, Stolzenberg stabbed the man’s wrist. The intruder fled but was apprehended in a wooded area, bleeding profusely with a utility knife lying next to him. The intruder was identified as Lee Anderson. He was charged with and convicted of burglary of a dwelling.
Anderson appeals, contending that the court erred in its response to a jury question. We disagree and affirm.
During deliberations, the jury sent out a note asking the following question: “Ownership of the utility knife — we can’t recall — was Stolzenberg owner of the knife?” The judge conferred with counsel:
COURT: And — but I don’t — how do you want to handle it? What do you say, the State?
STATE: I think we should tell them to rely on their own memory.
COURT: Tell them we can’t supplement, we can’t provide additional evidence at this time?
STATE: Right. I think that’s appropriate.
DEFENSE: Judge, the only option I. would have if they feel like he stole the knife, obviously that would support the burglary conviction. I think the evidence — there’s no evidence as to ownership. I think that’s what they should be told ... one way or the other, whether it belonged to him.
COURT: Tell the jury no evidence as to ownership. There was no evidence produced to the — would you agree with that?
*650 STATE: I agree that there wasn’t any evidence as to ownership, but I think that should be left to their recollection. I don’t think that should be our recollection. I think it should be what they remember the evidence to be.
The court then instructed the jury:
COURT: Ladies and gentlemen, I have your question. And because both parties have rested — in other words, the case is at a conclusion. You have to . rely on your own memories. And we can’t give you any additional evidence, evidence at this time, so you will have to rely on your own memory. I’m sorry.
Anderson takes the position that the jury, in asking about the ownership of the knife found in Anderson’s possession in the woods, must have relied on the theft of that knife to find the necessary intent to prove the crime of burglary. Experience, however, teaches that one can never predict the reason a jury asks a question. In this case, there was testimony about two knives — the “sharp object” being used to gain access and the knife used to stab Anderson. The testimony indicated that no portion of Anderson’s body entered the Stolzenberg home other than his arm. Nor did the State contend that the utility knife was stolen from Stolzenberg. The jury may well have found the necessary intent based on the fact that the entering was done “stealthily and without the consent of the owner ...” (See section 810.07, Florida Statutes, which is a part of the jury instructions on burglary) and the fact that items belonging to Stolzenberg were found stacked near Anderson’s bicycle outside Stol-zenberg’s house. In any event, it was the jury’s recollection of the evidence that was important.
In short, we believe the trial court handled the question properly.
AFFIRMED.
W. SHARP and ANTOON, JJ., concur.